[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 19, 1998, the plaintiff, Catherine Niese, filed an amended seven count complaint against the defendants, Catherine Barlette and her company, Bacio, Inc. The plaintiff alleges breach of a loan agreement (count I), unjust enrichment (count II), and violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act ("CUTPA") (count VII) against all defendants, and breach of agreement (count III), breach of the duty of good and fair dealing (count IV), fraud (count V), and theft by deception (count Vl) against Barlette.
Presently before the court is the defendants, motion to strike count seven, which was filed on March 11, 1998 with a supporting memorandum. The plaintiff has filed a memorandum in opposition.
In count seven, the plaintiff alleges that the defendants (1) "engaged in and/or conducted trade and/or business within the State of Connecticut, doing business under the name of Between Rounds Deli, which is primarily engaged in the consumer food industry" (count seven, ¶ 27); (2) "engaged in a pattern of deceptive and unscrupulous practices under the pretext of selling to the plaintiff one of her stores" when there was never any intention to sell the store (count seven, ¶ 28): and (3) deceived the plaintiff about the true nature of the business transaction and engaged in a scheme to defraud the plaintiff and steal her CT Page 1956 money (count seven, ¶¶ 27-30). The plaintiff also alleges that the defendant Barlette intentionally set out to deceive and trick the plaintiff into giving her money under false pretenses and did in fact appropriate the sum of $40,000 from the plaintiff without giving anything in return. (Count seven. ¶¶ 25 and 26.)
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.224 Conn. 210. 215, 618 A.2d 25 (1992).
In their memorandum, the defendants contend that this action does not fall within the purview of CUTPA, because it involves "a private agreement between two individuals, neither of whom are engaged in a trade or practice of selling businesses." "CUTPA provides a private cause of action to `[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice . . .' General Statutes § 42-110g(a) . . . CUTPA, by its own terms, applies to a broad spectrum of commercial activity. The operative provision of the act, [General Statutes] § 42-110b(a), states merely that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices In the conduct of any trade or commerce.' Trade or commerce, in turn, is broadly defined as 'the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.' General Statutes § 42-110a(4). The entire act is remedial in character: General Statutes § 42-110b(d) . . . and must `be liberally construed in favor of those whom the legislature intended to benefit'" Finkv. Golenbock, 238 Conn. 183, 212-13, 680A.2d 1243 (1996).
The present case is factually similar to Kim v. Magnotta,49 Conn. App. 203 (1998), a recent case decided by our Appellate Court. In Kim, the plaintiffs brought an action to recover damages for alleged unfair trade practices arising out of the CT Page 1957 sale of a car wash business. "The complaint alleged that the plaintiffs were induced into purchasing the car wash by the fraudulent misrepresentations of the defendant as to the volume of cars serviced, operating expenses and past and future gross earnings." Id., 205-06. "The jury returned a verdict . . . in favor of the plaintiffs on the count of a violation of CUTPA." Id., 206. The defendant cross appealed from the denial of his motion to set aside the jury's verdict of a violation of CUTPA. The Appellate Court, however, affirmed the judgment of the trial court. Id., 211. In addition, the Supreme Court has consistently upheld CUTPA claims alleging deceptive practices in a variety of business transactions. Fink v. Golenbock, supra, 238 Conn. 215;Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 496,656 A.2d 1009 (1995).
Accordingly, the defendants' motion to strike count seven of the amended complaint is denied.
HENNESSEY, J.